**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**PHILLIP R. DALLAS and**  **PLAINTIFFS**
**JOHNNE CAROLYN DALLAS**

**V.**  **CASE NO. 1:04CV106**

**BELLSOUTH TELECOMMUNICATIONS, INC.**  **DEFENDANT**

## MEMORANDUM OPINION

This cause comes before the Court on the plaintiffs' motion for summary judgment [18-1]. The Court has reviewed the briefs and exhibits and is prepared to rule.

The plaintiffs are Phillip R. Dallas and Johnne Carolyn Dallas, both residents of Attala County, Mississippi. Phillip Dallas is the son of Johnne Carolyn Dallas. The defendant is Bellsouth Telecommunications, Inc. ("Bellsouth"), a Georgia corporation. As near as the Court can determine from the plaintiffs' pro se complaint, in November of 2003 Bellsouth charged Mrs. Dallas, who is described as an elderly woman, a $4.00 late fee for the previous month's bill. The plaintiffs denied that their payment was late, and Phillip Dallas sent Bellsouth a photocopy of the check used to pay that month's bill. The plaintiffs aver that they incurred $4.00 in expenses in attempting to prove that they did not owe a $4.00 late fee for the month of October. Unpersuaded, Bellsouth carried the $4.00 late fee that the plaintiffs refused to pay over to the next month's bill. The plaintiffs also refer to a statement on the bill suggesting that service might be interrupted for failure to pay, although this appears to be boilerplate language referring to a complete failure to pay one's bill.

After "repeated attempts" to clear up this dispute, the plaintiffs decided that their only relief lay in litigation, and they filed the instant action in the Attala County Circuit Court seeking "future

damages" in the amount of $50,000.00 for Phillip Dallas; actual damages in the amount of $1200.00 attributed to Phillip Dallas having to take off work to attend to this dispute; $4.00 for the service fees charged by Phillip Dallas' bank for photocopying his check; and punitive damages in the amount of $100,000.00 for each of the two plaintiffs due to the mental anguish inflicted by the defendants.

Bellsouth subseqently removed the case to federal court on the basis of diversity jurisdiction and filed its answer. The Court has previously denied the plaintiffs' motion for remand. The plaintiffs now seek summary judgment. The Court is not entirely certain what relief the plaintiffs seek, but interprets their motion as follows: It appears from the briefs that in a settlement letter to the plaintiffs (which the Court has not seen), Bellsouth alluded to General Subscriber Services Tariff A2.5.1 as a defense and grounds for dismissal. The plaintiffs point out that Bellsouth did not quote the tariff in its entirety, leaving out a sentence indicating that the tariff would not limit the liability of a company for its willful misconduct. Based on this omitted sentence, the plaintiffs argue that they are entitled to summary judgment on the issue of whether the tariff provides Bellsouth with any defense. In fact, based on the fairly vague language of the summary judgment motion, the plaintiffs may be seeking an even broader ruling. However, as any such broad relief sought has not been articulated in any meaningful way, the Court construes the motion as limiting itself to the tariff issue.

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. Anderson v. Liberty Lobby, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In reviewing

2

the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. Reeves v. Sanderson Plumbing Prods. Inc., 530 U.S. 133, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000). In so doing, the Court must disregard all evidence favorable to the moving party that the jury is not required to believe. Reeves, 120 S.Ct. at 2110.

With regard to the instant motion, the plaintiffs argue that the tariff is plainly inapplicable because of the sentence pertaining to willful conduct which Bellsouth omitted in its letter to the plaintiffs. However, willfulness is an issue that the plaintiffs must prove at trial. Since Bellsouth avers that the erroneously applied late fee was a simple error, whether their actions rise to the level of willful misconduct is obviously a disputed issue of material fact which precludes summary judgment. Accordingly, the plaintiff's motion is **DENIED**. A separate order to that effect shall issue this day.

This is the 25th day of May, 2005.

              **/s/ Michael P. Mills**
              **UNITED STATES DISTRICT JUDGE**