## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

PHILLIP R. DALLAS
JONNIE CAROLYN DALLAS                                             **PLAINTIFFS**

**V.**                                                              **NO. 1:04CV105-M-D**

**BELLSOUTH**                                                       **DEFENDANT**

## MEMORANDUM OPINION

This matter is before the court on the May 27, 2005, motion by the defendant for
summary judgment. The *pro se* plaintiffs responded to the motion June 10, 2005. The motion is
ripe for resolution. For the reasons set forth below, the defendant's motion for summary
judgment shall be granted and the instant case dismissed as frivolous.

### Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to
interrogatories, and admissions on file, together with the affidavits, if any, show that there is no
genuine issue as to any material fact and that the moving party is entitled to a judgment as a
matter of law." FED. R. CIV. P. 56(c). "The moving party must show that if the evidentiary
material of record were reduced to admissible evidence in court, it would be insufficient to
permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*,
204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert.
denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the
burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue
for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d
202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th
Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998).
Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over
facts that might affect the outcome of the suit under the governing law will properly preclude the
entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be

counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

### Undisputed Material Facts

The facts in this case are not in dispute. BellSouth processed a bill of $26.57 for the plaintiffs' account on October 11, 2003. The plaintiffs paid that bill, but BellSouth inadvertently applied the plaintiffs' payment to another account. When BellSouth processed the plaintiffs' bill November 11, 2003, it showed $26.57 (the previous month's "unpaid" balance), a $4.00 late fee, and $26.98 charges for November. BellSouth informed the plaintiffs on November 21, 2003, that it had not received the plaintiffs' $26.57 payment – and that the plaintiffs could send a copy of the $26.57 check to BellSouth, Attn: Roadblock, for investigation. BellSouth began an investigation of the missing check. Meanwhile, the plaintiffs kept sending in payments each month for the previous month's charges, each time leaving unpaid the $26.57 in dispute – as well as the accumulation of $4.00 per month in late fees. In January 2004, after several months had gone by – and $12.00 in late fees had accrued – BellSouth located the plaintiffs' $26.57 payment and credited it to the plaintiffs' account. BellSouth, nevertheless, charged the plaintiffs an

additional $4.00 late fee in March 2004, for a total of $16.00 in late fees on the plaintiffs' account. BellSouth deleted the $16.00 in late fees March 25, 2004. The plaintiffs never paid any of the late fees erroneously charged to their account.

## Plaintiffs' Claims

The plaintiffs allege that the defendant's conduct was negligent, and the plaintiffs are entitled to "future," "actual," and "punitive" damages, including:

(1) $50,000.00 for "losses of financial, time management, life, liberty, and enjoyment . . . suffered at the hands of the Defendant[,] causing loss of business, reputation due to having shop closed and personality altered."

(2) $1,200.00 for "forcing Plaintiff Phillip Dallas to take time off from work to try an[d] rectify this situation."

(3) $100,000.00 each for mental stress caused by "Plaintiffs' constantly worrying . . . ."

## Discussion

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v.* Kerner, 404 U.S. 519 (1972), the court finds that every one of these claims is frivolous to the point of absurdity.

## Common Law Negligence

As a matter of hornbook law, the plaintiffs must allege facts to support the four elements of duty, breach, causation, and damages in order to state a claim of negligence. The plaintiffs have not alleged facts to support even one of these elements. The law does not hold BellSouth to a standard of perfection in its billing practices. Corporations hire people to perform billing, and people sometimes make mistakes. Someone at BellSouth applied the plaintiffs' payment to the wrong account. When the fact that something was amiss about the plaintiff's account became apparent, BellSouth began an investigation. After two months, BellSouth discovered its error – and corrected that error the same day. Within another two months, BellSouth corrected the "fallout" from that error by deleting the $16.00 in late fees from the account. The plaintiffs were

not a penny out of pocket because of BellSouth's billing error. The plaintiffs' common law negligence claims shall therefore be dismissed as frivolous.

## Rules and Regulations Governing Public Utility Service

The discussion above serves primarily to show just how frivolous the plaintiffs' claims are in this case, as the sole recourse in a billing dispute with BellSouth in Mississippi is not through a common law negligence claim, but instead through the *Rules and Regulations Governing Public Utility Service*. *Burris v. South Central Bell Telephone Co.*, 540 F.Supp. 905 (S.D. Miss. 1982) (citing MISS. CODE ANN. § 77-3-33). Rules Ten and Seven govern the instant dispute. Rule Ten states:

> Rule 10. BILLING
>
> B.     DISPUTED BILLS  In the event of a dispute between the customer and the utility respecting any bill, the utility shall forthwith make such investigation as shall be required by the particular case, and report the results thereof to the customer. When the amount to be paid is in question, the customer may make a deposit with the utility covering the amount of the disputed bill whereupon service shall not be discontinued pending settlement of the dispute. Upon settlement of the dispute by any means permitted or provided by law, the balance, if any, due the customer shall promptly be repaid.

Rule Ten of the Mississippi Public Service Commission *Rules and Regulations Governing Public Utility Service*. As discussed in the facts set forth above, BellSouth followed the procedure set forth in Rule Ten, except that BellSouth did not require the plaintiffs to submit a deposit for the balance apparently owed, and BellSouth did not terminate – or even threaten to terminate – the plaintiffs' telephone service.

BellSouth includes the language "nonpayment of regulated charges may result in discontinuance of local service" in every bill for regulated service. This brings the court to a discussion of Rule Seven:

> Rule 7. REFUSAL TO SERVE CUSTOMERS
>
> . . .
>
> D.     FOR INDEBTEDNESS  A utility may decline to serve an applicant who is indebted to the utility for the same kind of service as that applied for . . . .

Rule Seven of the Mississippi Public Service Commission *Rules and Regulations Governing Public Utility Service*. Rule Seven makes clear that BellSouth had the authority to terminate the plaintiffs' telephone service because of the plaintiffs' apparent indebtedness to BellSouth. As such, the plaintiffs' claim that BellSouth threatened to terminate their telephone service fails to state a claim upon which relief could be granted. BellSouth did not threaten to terminate the plaintiffs' service, and, BellSouth would have acted within the law even if it had *actually terminated* the plaintiffs' service. The plaintiffs' claims regarding this issue shall therefore be dismissed as frivolous.

### The Court's Power to Identify Frivolous Claims

A complaint lacks an arguable basis in law if it is "based on an indisputably meritless legal theory," such as if the defendants are clearly immune from suit or if the complaint alleges the violation of a legal interest that clearly does not exist. *Neitzke v. Williams*, 490 U.S. 319, 327, 198 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Judges also have "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless . . . ." *Id.*, 490 U.S. at 327, 328. The court need not "pierce the veil of the complaint's factual allegations" in this case, as the plaintiffs' facts as pled do not state a legal claim meriting relief – under any theory. As such, they shall be dismissed as frivolous.

A final judgment in accordance with this opinion will be entered.

THIS the 26th day of September, 2005.

      **/s/ Michael P. Mills**
      **UNITED STATES DISTRICT JUDGE**